UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY MURRAY #245927,

    Petitioner,

v.

File No. 2:08-CV-49

HON. ROBERT HOLMES BELL

DAVID BERGH,

    Respondent.
_____/

## MEMORANDUM OPINION AND ORDER
## ADOPTING THE REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("R&R") recommending dismissal of Petitioner Jeffrey Murray's 28 U.S.C. § 2254 petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. (Dkt. No. 9.) Petitioner initially attempted to file his petition on February 20, 2008. (Dkt. No. 1.) The Court rejected Petitioner's filing on April 15, 2008, requiring Petitioner to use the proper form. Petitioner filed an amended petition on the required form, together with a brief in support of his petition, on May 1, 2008. (Dkt. Nos. 5, 6.) Petitioner also filed a motion to join his original petition and the claims in his amended petition. (Dkt. No. 8.) On June 4, 2008, United States Magistrate Judge Timothy P. Greeley issued the R&R. Petitioner filed objections to the R&R on June 13, 2008, and July 8, 2008. (Dkt. Nos. 10, 12.) Petitioner filed a motion to dismiss his petition without prejudice on July 17, 2008, to allow amendment and refiling of his petition. (Dkt. No. 14.) Petitioner subsequently filed a supplement to his petition (Dkt. No. 16.) Based on the motion to dismiss

and the supplement to the petition, the Court ordered Petitioner to notify the Court as to whether it should dismiss his petition or proceed with adjudication of his claims. (Dkt. No. 20.) On April 10, 2009, Petitioner notified the Court to proceed with adjudication of the petition. (Dkt. No. 22.) Petitioner subsequently filed additional amendments or supplements to his petition. (Dkt. Nos. 23, 25.) For the reasons that follow, Petitioner's objections are denied, the R&R is adopted as the opinion of the Court, and Petitioner's Section 2254 habeas petition is dismissed.

**I.**

According to the pleadings and documents submitted by Petitioner, Petitioner is serving a prison sentence for possession of cocaine, unarmed robbery, and possession of cocaine with intent to distribute, for incidents occurring in 1993 and 1995. (Dkt. No. 1, Ex. 1.) Petitioner's habeas petition challenges a denial of parole by the Michigan parole board on June 28, 2007. (Dkt. No. 1, Ex. 1 at 19.)

**II.**

This Court is required to make a *de novo* review of those portions of an R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The first issue is which claims the Court should consider. Petitioner has filed at least five documents purporting to assert claims for relief pursuant to Section 2254. (Dkt. Nos. 1, 5, 16, 23, 25.) The original petition was rejected by the Magistrate Judge for failing to use

the appropriate form, but Petitioner subsequently filed an amended petition and a motion to join the amended petition with the claims in his earlier-filed petition. The Court granted this motion. (Dkt. No. 21.)

After his first motion to amend, Petitioner filed three more documents purporting to amend or supplement his petition. (Dkt. Nos. 16, 23, 25.) Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend a pleading *once* as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1); *see Mayle v. Felix*, 545 U.S. 644, 663 (2005) (applying Rule 15 to a habeas petition). In this case, the Section 2254 petition has not been served on Respondent and, thus, no responsive pleading has been filed. However, Petitioner has already amended his petition once. For additional amendments, Rule 15 instructs that the Court should "freely give leave when justice so requires . . . ." Fed. R. Civ. P. 15(a)(2). Petitioner has not provided the Court with any justification for amending or supplementing his petition almost six months after his initial filing and more than a year after the denial of parole that is at issue in his petition. Thus, the Court will deny Petitioner's motions to amend or supplement the habeas petition.[1]

## III.

A district court may summarily dismiss a habeas petition if "it plainly appears from

---

[1] Moreover, the Court has reviewed the claims and arguments raised in Petitioner's supplemental filings and they are without merit. The supplemental filings raise virtually the same claims and arguments addressed by the Court in this opinion. Even if the Court were to grant the motions to amend, none of the supplemental filings would alter the Court's disposition of Petitioner's habeas petition.

3

the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("[T]he District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."). The Magistrate Judge recommended dismissal of Petitioner's petition because Petitioner does not state a claim for violation of due process under the Fourteenth Amendment. However, in his objections, Petitioner noted other claims that had been asserted in his habeas petition but that were not addressed in the R&R. The Court will address all of Petitioner's claims in turn.

**A. Due Process**

Petitioner's due process claim is based on the denial of parole by the Michigan Parole Board. As the R&R noted, because of the discretionary nature of Michigan's parole scheme, Michigan prisoners do not have a liberty interest in obtaining early release on parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-64 (6th Cir. 1994). Petitioner's reliance on *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1979), is misplaced. While the court in *Greenholtz* did hold that the mandatory language of the Nebraska statute created an "expectancy of release" that entitled the prisoner to "some measure of protection," that court did not analyze the Michigan parole statute and, thus, the holding is not applicable. The opinion in *Scholtz v. Michigan Parole Bd.*, 585 N.W.2d 352 (Mich. App. 1998), cited by Petitioner, is also inapplicable because that case involved an appeal of the Michigan parole board's decision, at a time when such appeals were allowed under Michigan law, rather than

4

a claim of violation of due process pursuant to Section 2254. Even an allegation that the parole board relied on false information in making their decision, as Petitioner alleges, is not sufficient to support a due process claim. *See Caldwell v. McNutt*, No. 04-2335, 2006 WL 45275, at *1 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."). The Court agrees with the R&R that Petitioner fails to state a claim for violation of due process.

### B. Violation of State Laws and Procedures

Petitioner also alleges a number of violations of Michigan laws, administrative rules, and procedural rules by the parole board;[2] however, such claims are not, in themselves, cognizable under a petition for habeas corpus. A federal court may grant a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Claims of violation of state law which do not involve the infringement of specific *federal* protections are not cognizable under Section 2254. *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

### C. Equal Protection

Construing Petitioner's Section 2254 petition liberally under the standard in *Haines*

---

[2]For example, Petitioner alleges that the parole board did not provide him with a detailed written explanation of reasons for denial of parole, and wrongfully departed from the parole guidelines. (Dkt. No. 10, Obj. to R&R 4.)

5

*v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), Petitioner arguably raises a claim of improper discrimination in violation of the Equal Protection Clause. Petitioner alleges that:

> The parole Board discriminated against me by using the code of (ethnicity), which means an hibitual [sic] course of action without even considering my mental and social attitude . . . . They are using my past characteristics under national origin."

(Dkt. No. 1 at 7.) However, these conclusory allegations of discrimination are insufficient to state a claim for relief under Section 2254. *See Prince v. Straub*, No. 02-2085, 78 F. App'x 440, 442 (6th Cir. Sept. 12, 2003) ("Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief."); *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (a habeas petition must "state facts that point to a 'real possibility of constitutional error'") (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases (1976)).

**D. Ex Post Facto**

Petitioner also contends that certain Michigan laws and administrative rules relating to parole violate the Ex Post Facto Clause of the United States Constitution. "Retroactive application of parole provisions falls within the ex post facto prohibition if such an application creates a 'sufficient risk of increasing the measure of the punishment attached to the covered crimes.'" *Dyer v. Bowlen*, 465 F.3d 280, 285 (6th Cir. 2006) (quoting *Garner v. Jones*, 529 U.S. 244, 250 (2000)). "To fall within the ex post facto prohibition, two elements must be present: (1) the law must apply to events occurring before its enactment, and (2) it must disadvantage the offender affected by it." *United States v. Reese*, 71 F.3d 582,

585 (6th Cir. 1995). A petitioner challenging the retroactive application of parole provisions can sustain his or her burden in one of two ways. "First, [a petitioner] . . . can show that the [challenged parole provisions], on their face, show a significant risk of increased incarceration." *Michael v. Ghee*, 498 F.3d 372, 384 (6th Cir. 2007). Second, "[w]hen the [challenged parole provision] do[es] not by [its] own terms show a significant risk, the [petitioner] must demonstrate, by evidence drawn from the [provision's] practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." *Garner*, 529 U.S. at 255.

In his habeas petition, Petitioner cites a number of Michigan statutes, administrative rules, and policy directives. Generally, Petitioner identifies the statute or policy, or the right to which he alleges he is entitled, but does not identify the relevant date for Ex Post Facto analysis,[3] the rights in the original statute that he claims should apply, or the relevant changes that apply to him retroactively. Nor does Petitioner offer the Court any guidance as to how any amendments to these statutes pose a significant risk of increasing the term of Petitioner's incarceration.

In many instances, it appears that the applicable law cited by Petitioner has not changed during the relevant time period. For example, Petitioner contends that he is entitled

---

[3]Petitioner refers to the date of his conviction; however, the date of the offense, not the date of the conviction, is the relevant date for Ex Post Facto analysis. *Kellogg v. Shoemaker*, 46 F.3d 503, 509 (6th Cir. 1995).

to one month's notice of intent to conduct a parole interview, citing Mich. Comp. Laws § 791.235(3). That requirement now appears in § 791.235(4). Petitioner also contends that he has a right to a written explanation of the reasons for the denial of parole, citing Mich. Comp. Laws § 791.235(10). That requirement now appears in § 791.235(15). Petitioner also claims he is entitled to a parole interview, challenging the parole statute providing that the parole board is not required to grant an interview to prisoners with a low probability of parole. Mich. Comp. Laws § 791.235(2). That provision has been in effect since as early as 1993.

Moreover, the Court cannot discern, and Petitioner does not explain, how denial of the procedural rights to which Petitioner claims he is entitled poses a risk of increased incarceration, either generally or in Petitioner's case. The parole board's notice of denial indicates that Petitioner was denied parole, in part, because of his history of assaultive crime, commission of a crime while on probation, and numerous misconducts committed while incarcerated.[4] (Dkt. No. 1, Ex. 1 at 19.) Petitioner's own record proves him to be a poor candidate for parole, and the rights asserted by Petitioner are unlikely to affect the parole board's determination in his case. *See McGruder v. Renico*, No. 01-2748, 58 F. App'x 111, 113 (6th Cir. Jan. 29, 2003) (affirming denial of an ex post facto claim where the petitioner "has proved himself a poor candidate for parole, and it is his record, not the change in parole hearing frequency, that is likely to keep him in prison").

---

[4] A parole guidelines scoresheet attached to the petition indicates that Petitioner committed 39 major misconducts in the five years prior to June 21, 2007, including 4 major misconducts involving assault, sexual assault, riot, or homicide. (Dkt. No. 1, Ex. 1 at 15.)

In many cases where Petitioner purports to allege an Ex Post Facto violation, he appears to be arguing that the parole board did not follow the current statutory or procedural rules; for instance, Plaintiff asserts that subsections (3), (5), (10), and (12) of Mich. Comp. Laws § 791.235 "apply" to him under the Ex Post Facto Clause. (Dkt. No. 10, Objs. to R&R 9.) To the extent that Petitioner contends that these provisions were not properly followed by the parole board, this claim is not cognizable in a habeas petition. *See Pulley*, 465 U.S. at 41 ("A federal court may not issue the writ on the basis of a perceived error of state law.").

In summary, Petitioner's vague assertions of Ex Post Facto violations fail to show how any changes to statutes or policies related to his parole pose a "significant risk" of increasing the measure of his punishment. *See Mayle,* 545 U.S. at 655 (a habeas petition must "state facts that point to a 'real possibility of constitutional error'") (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases (1976)).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. Nos. 10, 12) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 9), as supplemented by the foregoing opinion, is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's motions to join claims, construed as motions to amend or supplement the habeas petition (Dkt. Nos. 16, 23, 25) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for judgment on the pleadings (Dkt. No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Jeffrey Murray's 28 U.S.C. § 2254 habeas petition, as amended, (Dkt. Nos. 1, 5) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 42 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: July 16, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE